# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| ERIC T. HAMMONDS,<br>    *Plaintiff*,<br><br>v.<br><br>THERESA CROW, CLEON COLEMAN,<br>and JOSEPH KELLY<br>    *Defendants*. | )<br>)<br>)<br>)    No. 1:23-cv-00081-DCLC-CHS<br>)<br>)<br>)<br>)<br>) |

## **REPORT AND RECOMMENDATION**

Plaintiff Eric T. Hammonds moves for leave to appeal *in forma pauperis* (IFP). [Doc. 11]. Federal Rule of Appellate Procedure 24(a)(1) applies to this motion, stating in relevant part:

> (a) LEAVE TO PROCEED IN FORMA PAUPERIS.
>
> (1) *Motion in the District Court.* Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1)(A)-(C).

In the instant case, this Court previously recommended that the action be dismissed for failure to state a claim because the form complaint was virtually blank and alleged no facts in support of a cause of action. This Court also recommended that Plaintiff's motion for leave to proceed IFP be denied as moot. [*See* Report and Recommendation, Doc. 7]. The District Court adopted this report and recommendation, denied the motion to proceed IFP as moot, and dismissed the action without prejudice. [*See* Order of Dismissal, Doc. 8].

Plaintiff now moves for leave to appeal IFP and has submitted an affidavit in support of his motion. [Doc. 11]. Plaintiff appears unable to pay the filing fee to appeal and has met the requirement of Subsection A of Rule 24(a)(1). He has also asserted a right to redress by means of a notice of appeal thereby complying with Subsection B. [Doc. 9]. However, Plaintiff has not complied with Subsection (C) because he has not stated in any of his filings the issues that he intends to present on appeal.

The Court notes that Plaintiff did attach to his notice of appeal a letter from a psychologist with the Hamilton County, Tennessee, Health Care Center setting forth that a person named "D. Taylor" is disabled and that her dog is an assistance animal. There is nothing in the record, however, that explains what this information has to do with Plaintiff, how it is relevant to any claim that Plaintiff may have, or why it has any bearing on the District Court's dismissal of Plaintiff's action or to his appeal.

Accordingly, it is **RECOMMENDED** that Plaintiff's motion for leave to appeal *in forma pauperis* be **DENIED**.[1]

**ENTER**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] \Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).